| | |
|---|---|
| 1 | Anna Y. Park, CA SBN 164242 |
| 2 | Derek W. Li, CA SBN 150122<br>Peter F. Laura, CA SBN 153553 |
| 3 | U.S. EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION |
| 4 | 255 East Temple Street, Fourth Floor<br>Los Angeles, CA 90012 |
| 5 | Telephone: (213) 894-1053<br>Facsimile: (213) 894-1301 |
| 6 | E-Mail: lado.legal@eeoc.gov |
| 7 | Attorneys for Plaintiff<br>U.S. EQUAL EMPLOYMENT |
| 8 | OPPORTUNITY COMMISSION |



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

vs.

MERCURY AIR CENTERS, INC.,

Defendant(s).

Case No. **CV08-06332 AHM (Ex)**

**COMPLAINT**
- **CIVIL RIGHTS**
- **EMPLOYMENT DISCRIMINATION**

**(42 U.S.C. §§ 2000e, et seq.)**

**JURY TRIAL DEMAND**

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of national origin, race and sex and to provide appropriate relief to Chandler Srivilas ("Charging Party") and a class of similarly situated individuals who were adversely affected by such practices.

///

-1-

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were and are now being committed in Burbank, California within the jurisdiction of the United States District Court for the Central District of California.

## PARTIES

4. Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC" or the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all times alleged herein, Defendant Employer, Mercury Air Centers, Inc. ("Defendant Employer" or "Mercury"), has continuously been doing business within the jurisdiction of the United States District Court for the Central District of California, and has continuously had at least fifteen (15) employees.

6. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of §§ 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Charging Party filed a charge with the Commission alleging violations of Title VII

1  by Defendant Employer. The Commission issued a Letter of Determination
2  finding that Charging Party was subjected to unlawful employment discrimination
3  based upon his national origin, Filipino, and race, Asian, in violation of Title VII.
4  The Letter of Determination also found that other employees were also
5  discriminated against and harassed due to their race, Black and national origin,
6  Hispanic, and that employees were also subjected to sexual harassment. The
7  Letter of Determination also found that a class of employees was subjected to
8  harassment. All conditions precedents to the institution of this lawsuit have been
9  fulfilled.
10      8.    The Commission alleges that, since at least on or about August 2004,
11 Defendant Employer has engaged in unlawful employment practices at its
12 Burbank, California, location in violation of § 703(a) of Title VII, 42 U.S.C. §
13 2000e-2(a) by subjecting Charging Party to a hostile work environment based upon
14 his national origin, Filipino, and race, Asian. The Commission alleges on
15 information and belief that such harassment included, but was not limited to,
16 Charging Party regularly, on an ongoing basis, being subjected to slurs such as
17 "chink", "chino," and a "stupid Chinese." Charging Party was also regularly told,
18 on an ongoing basis, that: "Filipinos eat rice for breakfast, lunch and dinner."
19 Charging Party also regularly heard, on an ongoing basis, racially derogatory terms
20 like "Nigger."
21      9.    The Commission also alleges on information and belief that, since at
22 least on or about August 2004, on an ongoing basis, Defendant Employer has
23 engaged in unlawful employment practices at its Burbank, California, location in
24 violation of § 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by subjecting a class of
25 similarly situated individuals to a hostile work environment based upon their race,
26 Black, and national origin, Hispanic, and subjecting employees to sexual
27 harassment. The Commission also alleges, on information and belief that, since at
28 least on or about August 2004, on an ongoing basis, that Defendant Employer has

engaged in unlawful employment practices at its Burbank, California, location in violation of § 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by subjecting a class of similarly situated individuals to a hostile work environment in violation of Title VII. Such harassment included, but was not limited to the following: employees were subjected to derogatory comments relating to race and/or national origin which includes but is not limited to: employees heard a co-employee, and later a supervisor, call a co-worker a "nigger" on a number of occasions. A co-worker, who later became a supervisor also created a hostile work environment for female and male employees by grabbing his genitals in their presence and made unwanted comments of a sexual nature such as "fucking sexy" and "suck my dick." He also told a co-worker that he wanted "to fuck this motherfucker" and engaged in unwanted physical touching.

10. The effect of the practices complained of above has been to deprive Charging Party and a class of similarly situated individuals of equal employment opportunities and otherwise adversely affect their status as employees, because of national origin, race, and gender, under § 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

11. The unlawful employment practices complained of above were intentional.

12. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Charging Party and a class of similarly situated individuals.

13. As a direct and proximate result of the aforesaid acts of Defendant Employer, Charging Party and a class of similarly situated individuals has suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and damages, all according to proof.

14. As a direct and proximate result of the aforesaid acts of Defendant Employer, Charging Party and a class of similarly situated individuals suffered a loss of earnings and other pecuniary losses in an amount according to proof.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of national origin, race, and sex.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for all applicants regardless of national origin, race and sex and which will eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Charging Party and a class of similarly situated individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

D. Order Defendant Employer to make whole Charging Party and a class of similarly situated individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E. Order Defendant Employer to pay Charging Party and a class of similarly situated individuals punitive damages for its malicious and reckless conduct based upon the facts above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

14. As a direct and proximate result of the aforesaid acts of Defendant Employer, Charging Party and a class of similarly situated individuals suffered a loss of earnings and other pecuniary losses in an amount according to proof.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of national origin, race, and sex.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for all applicants regardless of national origin, race and sex and which will eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Charging Party and a class of similarly situated individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

D. Order Defendant Employer to make whole Charging Party and a class of similarly situated individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E. Order Defendant Employer to pay Charging Party and a class of similarly situated individuals punitive damages for its malicious and reckless conduct based upon the facts above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

1     G.     Award the Commission the costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Ronald C. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Anna Y. Park
Regional Attorney

Date: September 25, 2008.     By: _____
Anna Y. Park
Regional Attorney
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| U.S. Equal Employment Opportunity Commission | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | CV08-06332 AHM (Ex) |
| Mercury Air Centers, Inc. DEFENDANT(S). | SUMMONS |

TO:   DEFENDANT(S):  Mercury Air Centers, Inc.

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Peter Laura_____, whose address is 255 E. Temple Street, 4th Floor, Los Angeles, CA 90012_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: SEP 2 5 2008

Clerk, U.S. District Court

By: _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*