Anna Y. Park, SBN 164242
Michael J. Farrell, FLA SBN 053228
Elizabeth Esparza-Cervantes, SBN 205412
Amrita Mallik, SBN 249152
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1079
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MERCURY AIR CENTERS, INC., et al,<br><br>Defendant. | Case No CV-08-06332 AHM (Ex)<br><br>**CONSENT DECREE; ORDER**<br><br>**HONORABLE A. HOWARD MATZ** |

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") and Mercury Air Centers, Inc. (hereafter "Defendant" or "MAC") hereby stipulate and agree to entry of this Consent Decree to resolve the Commission's complaint, filed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), alleging that Defendant and Does 1 - 10 subjected Charging Party Chandler Srivilas and other employees to race harassment (Asian and African-American), national origin harassment

(Filipino and Latino) and/or sexual harassment resulting in a hostile work environment.

## I.
## **PURPOSES AND SCOPE OF THE CONSENT DECREE**

A. The parties to this Consent Decree ("Decree") are the EEOC and MAC. The scope of the injunctive relief of this Decree is MAC's Burbank facility (Mercury Air Center Burbank, Inc.), and shall be binding upon and enforceable against the officers, directors, agents, successors, and assigns of MAC's Burbank facility.

B. The parties have entered into

C. this Decree for the following purposes:

    1.    To provide monetary and injunctive relief;

    2.    To confirm and ensure that its employment practices will comply with federal law;

    3.    To confirm and ensure that there will be a work environment free from hostility and retaliation;

    4.    To provide training for Defendant's managers and employees with respect to their obligations under Title VII; and

    5.    To confirm and ensure that there will be a mechanism for handling discrimination complaints in the workplace in an appropriate and effective manner.

## II.
## **RELEASE OF CLAIMS**

A. This Decree fully and completely resolves all issues, claims and allegations by the EEOC against MAC that are raised in the Complaint filed in this action in the United States District Court, Central District of California on September 25, 2008, captioned *U.S. Equal Employment Opportunity Commission v. Mercury Air*

*Centers, Inc. and Does 1-10*; Case No. CV -08-06332 AHM (EX) (the "Complaint").

B.  Nothing in this Decree shall be construed to preclude any party from bringing suit to enforce this Decree in the event that any party hereto fails to perform the promises and representations contained herein.

C.  Nothing in this Decree shall be construed to limit or reduce MAC's obligation to comply fully with Title VII or any other federal employment statute.

D.  This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be pending or may later arise against MAC in accordance with standard EEOC procedures.

## III.
## JURISDICTION

A.  The Court has jurisdiction over the parties and the subject matter of this lawsuit.  The Complaint asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.  The terms and provisions of this Decree are fair, reasonable and just.  This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

B.  The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to implement the relief provided herein.

## IV.
## EFFECTIVE DATE AND DURATION OF DECREE

A.  The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court ("the Effective Date").

B.  Except as otherwise provided herein, this Decree shall remain in effect for two (2) years  after the Effective Date.  The Decree will expire on its own terms unless the EEOC motions the Court for an extension.

## V.
## **MODIFICATION AND SEVERABILITY**

A. This Decree constitutes the complete understanding of the parties with respect to the matters contained herein.  No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the parties.

B. If one or more provisions of the Decree are rendered unlawful or unenforceable, the parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the parties' best efforts, be achieved.

C. By mutual agreement of the parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

## VI.
## **COMPLIANCE AND DISPUTE RESOLUTION**

A. The parties expressly agree that if the Commission has reason to believe that MAC has failed to comply with any provision of this Consent Decree, the Commission may bring an action before this Court to enforce the Decree.  Prior to initiating such action, the Commission will notify MAC and its legal counsel of record, in writing, of the nature of the dispute.  This notice shall specify the particular provision(s) that the Commission believes MAC has breached.  Absent a showing by either party that the delay will cause irreparable harm, MAC shall have thirty (30) days to attempt to resolve or cure the breach.

B. The parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC notice.

C. After thirty (30) days have passed with no resolution or agreement to extend the time further, the Commission may petition this Court for resolution of the

dispute, seeking all available relief, including an extension of the term of the Decree, the Commission's costs incurred in securing compliance with the Decree, and any other relief the Court deems appropriate.

## VII.

## MONETARY RELIEF

A.  In settlement of this lawsuit, MAC shall pay a total of $600,000.00. Any amounts remaining after Chandler Srivilas and presently identified class members receive their share of monetary relief, shall be designated as the "Class Fund" for unidentified class members. The designation of monetary relief to the Charging Party, any identified class member, and to any unidentified class member(s) shall be made at the sole discretion of the EEOC.

B.  Following Court approval of this Consent Decree, once the EEOC gives MAC a distribution list for the Charging Party and the identified class members, accompanied by an executed Release Agreement (in the form attached as Exhibit D) for Charging Party and identified class members, MAC shall forward, via certified mail, a check to the Charging Party and any identified class members within twenty (20) business days. All amounts are to be designated as compensatory damages and no withholding will be made. MAC shall prepare and distribute 1099 tax reporting forms to the Charging Party and identified class members, and shall make appropriate reports to the Internal Revenue Service.

C.  Within twenty (20) business days from the EEOC giving MAC a distribution list for the Charging Party and the identified class members, MAC shall allocate the remaining funds to fund/create the Class Fund which will be used to distribute monetary payments among all eligible class members (as defined below), all in accordance with the provisions of this Decree. The Class Fund shall be used solely to make payments to individuals who submit claims ("potential

class members") and whom the EEOC determines to be eligible to receive monetary relief in this lawsuit ("class members").

Within twenty (20) business days from the EEOC giving MAC a distribution list for the Charging Party and the identified class members, MAC shall provide the EEOC with written verification of the funding/creation of this account. MAC shall be ultimately responsible for all costs and fees connected with the creation and maintenance of this account deemed the Class Fund.

        a.    <u>Notification of Settlement/Claims Process</u>

Within twenty (20) business days following the entry of this Decree, MAC shall forward to the EEOC and the Claims Administrator the names, telephone numbers, last known addresses, social security number, emergency contact information and any known subsequent employment for all employees ("Potential Class Member List") known to have been employed by MAC anytime during the time period of May 24, 2004 to January 11, 2007 ("Class Time Period"). MAC shall provide all such information within its possession, custody or control.

Within forty (40) business days following the entry of this Decree, MAC shall send each individual identified in the Potential Class Member List a letter and a questionnaire, attached as Exhibit "A," notifying him/her of the instant Title VII action, the existence of the Class Fund, class member eligibility criteria, and EEOC contact information should he/she be interested in participating as a class member. MAC shall concurrently send to the EEOC's Los Angeles District Office, Attn: Elizabeth Esparza-Cervantes, Trial Attorney, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012, a copy of all correspondence to the individuals identified in the Potential Class Member List.

If these employees' addresses are not current, the EEOC shall provide notice of the identities of those individuals whose address is not current and/or the mail was returned. MAC shall conduct a data base search for the Potential class member's current addresses at MAC's own cost and notify the EEOC's Los

1  Angeles District Office, Attn: Elizabeth Esparza-Cervantes, Trial Attorney, 255
2  East Temple Street, 4th Floor, Los Angeles, CA 90012, of a new address within
3  thirty (30) days of receiving notice from the EEOC.
4      After evaluating all the claims submitted by the Potential Class Members,
5  the EEOC shall forward to MAC the names, mailing addresses, and monetary
6  allocation of the eligible class members ("Final Distribution List").  EEOC has the
7  sole discretion in determining class member eligibility, and the allocation of
8  monetary amount(s) from the Class Fund to each class member.  EEOC's
9  determination of these issues is final, and MAC agrees that it will neither
10 participate in, nor object to the EEOC's determinations.
11                   b.  <u>Payment to Eligible Class Members</u>
12     As a condition precedent to entitlement to payment, each eligible class
13 member must execute and deliver to the EEOC (for further delivery to MAC), an
14 executed Release Agreement in the form attached as Exhibit D.  Within twenty
15 (20) business days after the EEOC has forwarded the Final Distribution List and
16 Release Agreements to MAC, MAC shall forward payment from the Class Fund to
17 each eligible class member by certified mail, return receipt requested as
18 determined by the EEOC.  All amounts distributed from the Class Fund constitute
19 "compensatory damages," under the Civil Rights Act of 1991, 42 U.S.C. §1981a.
20 MAC shall issue an IRS Form 1099 to each eligible claimant for all payments
21 disbursed from the Class Fund.
22     Within ten (10) business days of the issuance of each and every settlement
23 check, MAC shall submit a copy of each check and related correspondence to the
24 Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity
25 Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.
26     C.  If after every effort has been made to the EEOC's sole satisfaction,
27 monies remain in the Class Fund ("Remainder Funds"), said Remainder Funds
28 shall be donated in the joint name of MAC's parent, Atlantic Aviation Corporation,

and Chartis, to a charity that addresses race, national origin and sex discrimination issues, which charity shall be subject to the EEOC's approval.

## VIII.

## **GENERAL INJUNCTIVE RELIEF**

A. **Non-Discrimination**

1. <u>Harassment Based on Sex, Race and National Origin</u>

The officers, agents, management (including all supervisory employees), successors, assigns of MAC's Burbank facility, and all those in active concert or participation with them, or any of them, are hereby enjoined from: (a) discriminating against persons on the basis of sex, race or national origin in the terms and conditions of employment; (b) engaging in or being a party to any action, policy or practice that is intended or is known to them to have the effect of harassing or intimidating any employee on the basis of sex, race or national origin; and (c) creating, facilitating or permitting the existence of a work environment that is sexually hostile or hostile to Asian, Black or Latino employees.

2. <u>Retaliation</u>

The officers, agents, management (including all supervisory employees), successors, assigns of MAC's Burbank facility, and all those in active concert or participation with them, or any of them, are hereby enjoined from engaging in, implementing or permitting any action, policy or practice with the purpose of retaliating against any current or former employee or applicant of MAC's Burbank's facility, or either of them, because he or she has in the past, or during the term of this Decree: (a) opposed any practice made unlawful under Title VII; (b) filed a charge of discrimination alleging such practice; (c) testified or participated in any manner in any investigation (including without limitation, any internal investigation undertaken by MAC), proceeding in connection with this case and/or relating to any claim of a Title VII violation; (d) was identified as a possible witness or claimant in this action; (e) asserted any rights under this Decree; or (f) sought and/or received any relief in accordance with this Decree.

B. **Posting**

Within twenty (20) business days after the Effective Date and throughout the term of this Decree, MAC shall post a notice (attached as Exhibit "B") of the terms of this Decree in a clearly visible location frequented by employees at MAC's Burbank facility.

C. **EEO Compliance Officer**

MAC shall appoint Carole A. Moore, Human Resources Director of MAC's parent organization, Atlantic Aviation Corporation, as EEOC Compliance Officer. Ms. Moore's qualifications will be presented to the EEOC for approval as the EEO Compliance Officer. The EEOC will not unreasonably withhold the approval. The EEO Compliance Officer shall be responsible for implementing the Burbank facility's compliance with Title VII and with the training provisions of this Decree.

The EEOC shall be advised of any proposed changes in the designation of the EEO Compliance Officer thirty (30) days prior to such change. The EEOC and MAC shall use their best efforts to select an EEO Compliance Officer agreeable to both parties.

The EEO Compliance Officer's duties shall include the ensuring that MAC:

1. has procedures to handle complains of discrimination, harassment and retaliation, and submits the same to the EEOC for comment and review;

2. trains managerial and staff/hourly employees on their rights and responsibilities under Title VII, including, but not limited to, the responsibilities to provide a workplace free of discrimination and harassment;

3. trains all employees on policies and procedures relating to harassment based upon sex, race, national origin, and retaliation;

4. monitors and adequately investigates all complaints of harassment based upon sex, race, national origin, and retaliation;

5. timely and accurately submits reports required by this Decree;

  6. enforces, and ensures the existence of, appropriate and consistent disciplinary policies to hold employees and managers accountable for failing to take appropriate action and/or for engaging in conduct prohibited under this Decree;

  7. creates a centralized system of tracking discrimination, harassment and retaliation complaints.

  8. Ensuring compliance with the terms of this Decree.

 D. **Policies Concerning Discrimination, and Harassment**

Within forty-five (45) days of the effective date, MAC shall review and, if necessary, revise its current race and/or national origin discrimination, sex harassment and/or retaliation polices and procedures so that the policies include

  1. A clear statement explaining that discrimination on the basis of sex, race, national origin and/or, including harassment and retaliation will not be tolerated;

  2. Assurance that employees who make complaints of harassment/discrimination or provide information related to such complaints will be protected against retaliation;

  3. A clearly described complaint process that provides accessible and confidential avenues of complaint with contact information including name (if applicable), address, and telephone number of persons both internal (i.e. human resources) and external to MAC Burbank to whom employees may report discrimination and retaliation, including a written statement that the employee may report the discriminatory behavior to designated persons outside their chain of management;

  4. A hotline number accessible 24 hours and 7 days a week where employees can call with complaints about discrimination and/or retaliation;

  5. Assurance that the employer will protect the confidentiality of harassment/discrimination complaints to the extent possible;

6. A complaint process that provides a prompt, thorough, and impartial investigation;

7. A procedure for communicating with the complainant in writing regarding the status of the complaint/investigation, results of the investigation, and any remedial action taken;

8. Assurance that MAC Burbank will take immediate and appropriate corrective action when it determines that harassment/discrimination and/or retaliation has occurred; and

9. Otherwise, ensure compliance with the terms of this Decree.

If revised, this policy shall immediately be distributed to all of MAC Burbank's employees, including management/supervisory staff, and shall be included in any relevant policy or employee manuals distributed to employees by MAC. MAC shall collect acknowledgments from each employee who receives the policy.

E. **Performance Evaluations**

MAC shall hold its MAC Burbank managers, supervisors, and human resources personnel accountable for compliance with MAC's equal employment opportunity and anti-retaliation policies.

F. **Training**

Within six (6) months of the Effective Date, all of MAC Burbank's managerial, supervisory, and staff/hourly employees shall be required to attend an intensive training program of at least four (4) hours for managerial employees and two (2) hours for staff/hourly employees. The training shall be mandatory and occur once every year thereafter for the term of this Decree. One training each year for staff/hourly employees shall be conducted in Spanish, if needed by employees, and one training each year for staff/hourly employees shall be conducted in English. Each staff/hourly employee shall be required to attend one training session each year, in a language that each employee best understands.

1. All employees' training shall include coverage of the subjects of equal employment opportunity rights and responsibilities, national origin discrimination/ harassment, gender discrimination, retaliation, and MAC's policies and procedures for reporting and handling complaints of discrimination, harassment and retaliation.

2. The training of managerial employees shall additionally include training on how to properly handle and investigate complaints of discrimination and/or harassment in a neutral manner, how to take preventive and corrective measures against discrimination and/or retaliation, and how to recognize and prevent discrimination and/or retaliation.

3. For the remainder of the term of this Decree, all new employees and all employees recently promoted from a staff/hourly to a managerial position shall receive the managerial or staff/hourly employee training, as appropriate, within one hundred eighty (180) days of hire or promotion.

4. After the initial training as specified above, all employees shall receive the training at least annually thereafter for the remainder of the term of this Decree.

5. All employees required to attend such training shall verify their annual attendance in writing.

6. Within forty-five (45) days after the Effective Date or fifteen (15) days after, whichever is later, MAC shall submit to the EEOC a description of the training to be provided and an outline of the curriculum developed for the trainees. MAC shall give the EEOC a minimum of ten (10) business days' advance written notice of the date, time and location of each training program provided pursuant to this Decree, and agrees that an EEOC representative may attend any such training program.

# IX.
# RECORD KEEPING AND REPORTING

### A. Record Keeping

MAC represents that it has established and shall maintain a record-keeping procedure that provides for the centralized tracking of discrimination complaints and the monitoring of such complaints to prevent retaliation. The records maintained include:

1. All documents generated in connection with any complaint, investigation into, or resolution of every complaint of discrimination or retaliation for the duration of the Decree and the identities of the parties involved;

2. All forms acknowledging employees' receipt of MAC Burbank's discrimination and anti-retaliation policy; and

3. All documents verifying the occurrence of all training sessions and names and positions of all attendees for each session as required under this Decree.

MAC shall make the aforementioned records for MAC Burbank available to the EEOC within ten (10) business days following a written request by the EEOC.

### B. Reporting

In addition to the notices to the EEOC specified above, MAC shall provide the following reports to the EEOC in writing, by mail or facsimile:

1. Within ninety (90) days after the Effective Date, MAC shall submit to the EEOC an initial report regarding MAC's Burbank facility which contains:

    a. A copy of the discrimination and anti-retaliation policy;

    b. A summary of the procedures and record-keeping methods developed with the Consultant for centralized tracking of discrimination complaints and the monitoring of such complaints;

   c. A statement confirming that the required notices pertaining to this Decree and the revised discrimination and anti-retaliation policies have been posted; and

   d. Confirmation that all employee acknowledgment forms indicating receipt of the discrimination and anti-retaliation policy were gathered.

 2. MAC shall also provide the following reports semiannually for the MAC Burbank facility throughout the term of this Decree:

   a. The attendance lists of all attendees for all training sessions required under this Decree that took place during the previous six months;

   b. Acknowledgments of receipt of the discrimination and harassment policy for all employees hired during the previous six months; and

   c. A description of all discrimination and/or retaliation complaints made since the submission of the immediately preceding report hereunder.  This description shall include the names of the individuals alleging harassment or retaliation, the nature of the harassment or retaliation, the names of the alleged perpetrators of harassment or retaliation, the dates of the alleged harassment or retaliation, a brief summary of how each complaint was resolved, and the identity of the person(s) who investigated or resolved each complaint.  If no results have been reached as of the time of the report, the result shall be included in the next report.

 3. MAC shall also provide the foregoing report to the EEOC 60 days prior to the two (2) year term of the Decree so that the EEOC can determine, within its discretion, whether MAC has appropriately handled discrimination, harassment and/or retaliation complaints.  If the EEOC determines that MAC has appropriately handled said complaints the decree will expire in two (2) years from its Effective Date.

 4. MAC shall provide a report to the EEOC detailing any changes of the procedures or record-keeping methods for centralized tracking of discrimination

1  complaints and the monitoring of such complaints within thirty (30) days before
2  implementing such changes.

## X.
## COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

6      MAC shall bear all costs associated with its administration and
7  implementation of its obligations under this Consent Decree.

## XI.
## COSTS AND ATTORNEYS' FEES

10      Each party shall bear its own costs of suit and attorneys' fees.

## XII.
## MISCELLANEOUS PROVISIONS

13      A.  During the term of this Consent Decree, MAC shall provide any potential
14  successor-in-interest with a copy of this Consent Decree within a reasonable time
15  of not less than thirty (30) days prior to the execution of any agreement for
16  acquisition or assumption of control of any or all of MAC's facilities, or any other
17  material change in corporate structure, and shall simultaneously inform the EEOC
18  of same.

19      B.  During the term of this Consent Decree, MAC and its successors shall assure
20  that each of its officers, managers and supervisors that oversee the MAC Burbank
21  facility is aware of any term(s) of this Decree which may be related to his/her job
22  duties.

23      C.  Unless otherwise stated, all notices, reports and correspondence required
24  under this Decree shall be delivered to the attention of the Regional Attorney,
25  Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles
26  District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA 90012.

27      D.  This Decree may be signed in counterparts.  A facsimile signature shall have
28  the same force and effect of an original signature or copy thereof.

E. The parties agree to entry of this Decree and judgment subject to final approval by the Court.

All parties, through the undersigned, respectfully apply for and consent to the entry of this Consent Decree Order.

## ORDER

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is **HEREBY ORDERED.**

Date:  August 09, 2010

_____
The Honorable A. Howard Matz
United States District Court Judge

Respectfully submitted,
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Date: _____        By: _____
Anna Y. Park
Elizabeth Esparza-Cervantes
Attorneys for Plaintiff

Date: _____        OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: _____

Michael Buchannan

Attorneys for Defendant